The Chief Justice
delivered the opinion.
This was an action of ejectment, on the demise of Robert Morris. Nicholas White was the tenant in possession, and Foster and wife were admitted defendants upon entering into’the common rule.
On the trial, the lessor of the plaintiff produced in evidence a patent from the commonwealth to John C. Owings, for the land in controversy; the will of John C. Owings, whereby he devised the land in controversy to his son, John C. Owings ; a deed of conveyance from the latter to Thomas.D. Owings, a deed of conveyance from him to Leonard Finley, a deed of conveyance from Finley to Joseph Kennedy, and a deed of conveyance from Kennedy to the lessor of the plaintiff.
The defendants, on their part, produced in evidence a patent from the commonwealth to Jeremiah More, including the land in controversy, but of younger date than that under which the lessor of the plaintiff derimed title, and a deed from Weathers Smith, and offered to read to the jury a writ of habere facias possessionem, bearing date the 18*h of April, IsiQ, in the name of Weathers Smith, against Leonard Finley, which was objected to by the lei-' *610 sor of the plaintiff and the court refused to permit it to go to l^e jary as evi^ence> because there was no judgment shewn on which it issued. The defendants then prored by a witness that Finley, on the day after the date of ⅛⅝ writ of habere facias possessionem, was evicted from the land in controversy by the sheriff, and the possession there* of delivered to the witness, as agent for his father, Weathers Smith, and that being so possessed, the witness, on the 21st of the same month, leased the same, in the name Of Weathers Smith, to Moses Sharp and Arch’d. Harbison, for the term of one year, and that they, on the same day, leased the same to Finley for the same term, both of which leases were produced and read in evidence ; that Finley, thereupon, entered into the possession of the premises again, as subtenant to Weathers Smith, and remained thereuntil the year 1817, when he sold posseession ; that Smith collected the rent of Sharp & Harbison, and after the expiration of the term the witless demanded possession of the premises for Weathers Smith, and Finley informed him he had purchased of Owings and would not deliver possession but hold in his own right, and that from that day to this Weathers Smith, and those claiming under him, have been trying to get possession by suit; but have not had the possession. The defendants also proved that Weathers Smith had departed this life, and read in evidence a deed of partition between his heirs, whereby it appeared that the land in controversy had been allotted to the defendant, Mrs. Foster, who was one of the heirs.
The lessor of the plaintiff then produced in evidence a record of a judgment in ejectment, on the demise of John C. Owings, against Finley and others, together with a writ of habere facias possessionem issued thereon, bearing date the 9th of April, ¡810, to the reading of which, as evidence, the defendants objected, but the court overruled the evidence and admitted the record to be read. The lessor of the plaintiff proved, by a witness, that undeT the writ of possession, he, as agent for Thomas D. Owings and John G. Otvings, look possession of the premises in controversy otj the l©th of April, 1810, and leased the same to Leonard Finley for three years, and that Finley bad refused to acknowledge Smith, or those claimiog under him, as landlord.
- On this evidence the court, at the instance of the lessor of the plaintiff, instructed, the jury that if they were of *611 opinion that Finley bad leased of Owings, that be was then tha tenant of .Owings, and any subsequent lease by Sharp and Harbison, to Finley, was void. To these several decisions and instructions of the court the defen* dants excepted, and a verdict and judgment having been rendered against them they have appealed to this court.
Tte • astran*
Whether the circuit court erred or cot in rejecting, as evidence, the writ of habere facias possessionem, offered by the defendant, or in admitting tbe record of tbe judgment in ejectment, produced by tbe lessor of tbe plaintiff, are questions of no importance to the merits of the case.— These records could prove nothing as to the rights of the parties to this suit All they could prove would be the eviction of Finley, first by Owings and then by Smith, and these facts were sufficiently proved by other testimony in the cause. Passing over these questions, therefore, as anwortby of serious discussion, we will proceed to enquire whether tbe court erred or not in instructing tbe jury that if they were of opinion that Finley had leased of Owings, that he was then tbe tenant of Owings and any subsequent [ease by Sharp and Harbison, to Finley, was void.
This is, certainly, a question of some importance to the parties. For if Finley were the tenant of Owings when he took tbe lease from Sharp & Harbison, and if that lease be void, it will result as a necessary consequence that the possession of Finley, and of those claiming under him, continued to be a possession under Owings’s title and the lapse of time could not defeat the recovery in this case.
But, on the contrary, if Finley were not tbe tenant of Owings when he took the lease from Sharp and Harbison, or the lease be not void, then his possession, acquired under that lease, must be a possession under the title of Smith and adverse to that of Owings, and consequently the lapse of time might affect the right of recovery.
Admitting Finley to have been the tenant of Owings, at the time he took tbe lease from Sharp and under Smith’s title, the lease, we apprehend, must deemed void. For tbe lease was an acknowledgment the freehold was in Smith, and an acknowledgment or agreement by tbe tenant of one that tbe freehold is in another, or that be is bis landlord, is in law denominated: an attornment. And by tbe 16tb sect of the u act to reduce into one tbe several acts regulating convey anees,” it is declared that “ the attornment of a tenant to any stranger *612 ((shaU be void, unless it be with the consent of tbe land- “ lord of sucb tenant, or pursuant to, or in consequence “ of the judgment of a court of law, or the order or a de- “ cree of a court of equity.”
If» plaintiff, in ejectment, evicts a tenant, the landlord is thereby ousted, & the tenant jn*y rightful-⅜ lease from eeviotor.
Hardin for appellant, Crittenden ⅜ Bibb contra.
But we cam ot admit that Finley, at the time be took tbe lease from Sharp and Harbison, under Smith’s title, was the tenant of Owings It is true bis lease from Ow-ings had not expired, but Smith had entered upon tbe premises and expelled Finley therefrom, and be had thus not only dispossessed Finley of his term but bad disseized Ow-ings of the freehold. For if one enters upon tbe possession of tbe lessee this ousts the lessor of bis freehold. 6 Com. Dig 'I it Seisin, letter F. It would, therefore, be preposterous to suppose that Finley was tbe tenant of tbe premises of whicb he was ousted and another had tbe possession. and still more so to suppose that he was the tenant of Owings, who was himself disseized.
It results, therefore, that the circuit court erred in the instructions given to tbe jury, and tbe judgment must be reversed with costs and the cause be remanded, that new proceedings may be had not inconsistent with the foregoing opinion.